Original
No. 78-077

ALBERT J. MILLARD

v.

EVERETT I. PERRIN, WARDEN, NEW HAMPSHIRE STATE PRISON

September 18, 1978

*Albert J. Millard*, pro se.

*Thomas D. Rath*, attorney general (*Richard B. Michaud* by brief), for the defendant.

## MEMORANDUM OPINION

In this petition for writ of habeas corpus, Albert J. Millard challenges the statutory method of computing good time credits on the maximum part of his prison sentence. The defendant moved to dismiss the petition. We grant the motion.

The plaintiff is currently serving three concurrent sentences: two of two to seven years and one of two to five years. Under RSA 651:55-b, he is entitled to credits for good conduct against both the minimum and maximum terms of his sentence, based on the following formula: "Ninety days for each full year of the minimum term of his sentence, prorated for a part of any such year. . . ." RSA 651:55-b I. He argues that the statute denies him equal protection, in that a prisoner with the same maximum term as the plaintiff but a longer minimum term may finish his sentence earlier than the plain-

tiff. For example, a prisoner with a sentence of three-and-one-half to seven years may receive a sentence reduction of three hundred and fifteen days for good conduct, whereas the plaintiff, having a sentence of two to seven years, will receive a sentence reduction of one hundred and eighty days. The plaintiff argues that the earlier release of a prisoner with the same maximum and a greater minimum constitutes an invidious discrimination.

In deciding an equal protection challenge to a statute treating prisoners differently in the application of good time credits, we must determine "whether the challenged distinction rationally furthers some legitimate, articulated state purpose." *McGinnis v. Royster*, 410 U.S. 263, 270 (1973). It is inappropriate to decide this question in the case at bar. The plaintiff contends that the equal protection clause of the fourteenth amendment to the United States Constitution requires that his maximum sentence be reduced for good conduct by ninety days for each full year of the *maximum* term of his sentence. Yet even under this formulation he will not have served his maximum sentence until 1980, at the earliest. He might be paroled before then, rendering our construction of RSA 651:55-b moot as to him. A decision invalidating the statute would not presently free the plaintiff or change the conditions of his incarceration. *See Martineau v. Perrin*, 118 N.H. 167, 384 A.2d 135 (1978).

This court declines to engage in constitutional and statutory interpretation when such interpretation might have no effect on legal rights. "Because we hold that the proper time to bring this claim does not arise until a prisoner is in a position to realize a tangible benefit, we grant the motion to dismiss the petition without prejudice." *Martineau v. Perrin*, 118 N.H. at 168, 384 A.2d at 136.

*Dismissed.*